OPINION OF THE COURT
Eileen N. Nadelson, J.
Applicant, whose name is being withheld for the reasons stated below, requested leave of the court to change her name and the name of her minor child. As part of her application, ap *250 plicant requested permission to be exempt from the publication requirement of section 63 of the Civil Rights Law. Her reason for requesting such exemption is that she is the victim of domestic violence, and she had cooperated with the District Attorney’s Office in prosecuting the perpetrator of said violence. In support of her request, the District Attorney’s Office submitted a letter asking for such exemption from publication.
Section 63 of the Civil Rights Law states, in pertinent part, that the order directing the change of name “shall also direct the publication, at least once, within twenty days after the making of the order, in a designated newspaper in the county in which the order is directed to be entered, ... of a notice . . . [that provides the information detailing the change of name].”
In 1994, the Legislature enacted section 64-a of the Civil Rights Law to permit, under certain circumstances, exemption from this publication requirement:
“If the court shall find that the publication of an applicant’s change of name would jeopardize such applicant’s personal safety, the provisions of sections sixty-three and sixty-four [filing proof of publication] of this article requiring publication shall be waived and shall be inapplicable. The court shall order the records of such change of name proceeding to be sealed, to be opened only by order of the court for good cause shown or at the request of the applicant.”
Despite the fact that section 64-a of the Civil Rights Law has been in effect for almost 10 years, not a single judicial decision has been published indicating the particular circumstances under which such exemption from the publication requirement would be appropriate. Under the circumstances presented by this applicant, the court feels that such exemption from the publication requirement would be justified.
The applicant presented to the court a history of domestic violence against her by the father of her child. The father violated several criminal court orders of protection issued against him in multiple counties. The documented course of behavior which the father engaged in against the applicant, and the level of threats he has made against her, has resulted in the applicant being terrified of retribution. The applicant, in order to protect herself and her child, has obtained a section 8 voucher for relocation to secure a safe residence for herself and her child.
*251 The reason the applicant has applied to change her name and the name of her child is to further protect her whereabouts and identity from potential harm from the child’s father. In support of her request, the applicant has appended a letter from the District Attorney’s Office corroborating her statements and requesting the court’s assistance to protect her.
The circumstances presented by this application fall squarely within the parameters of section 64-a of the Civil Rights Law. The court believes that the only way to protect the applicant from potential further harm is to grant her request. Therefore, the court finds that, pursuant to the provisions of section 64-a of the Civil Rights Law, the applicant is exempt from the publication requirement of section 63 of said statute.